# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES STENGER,

    *Plaintiff*,

vs.

DEFFENBAUGH INDUSTRIES, INC.,

    *Defendant.*

Case No.09-2422-EFM

## MEMORANDUM AND ORDER

Now before the Court is Defendant's Motion to Dismiss (Doc. 5). For the reasons that follow, the Court grants Defendant's motion and grants Plaintiff 21 days leave to file an amended complaint from the date of entry of this order. Plaintiff is advised that the failure to file an amended complaint will result in the dismissal of this action with prejudice.

## BACKGROUND

Plaintiff started working for Defendant in the mid-1990s. During his tenure with Defendant, Plaintiff held various positions. Just prior to his termination, Plaintiff was performing public relations duties. According to Plaintiff, at all times during his employment, he performed his duties in a satisfactory or better manner. However, on April 28, 2008, Plaintiff was fired. At the time of his termination, Plaintiff was 51 years old. Plaintiff believes that one or more younger employees assumed his job duties after he was terminated.

Believing that he was terminated because of his age, Plaintiff brought the instant action against Defendant, alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq. Defendant now moves the Court to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## STANDARD OF REVIEW

In order to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right of relief above the speculative level."[1] A pleading that merely offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."[2] While a complaint need not contain detailed factual allegations, it must plead "enough facts to state a claim to relief that is plausible on its face."[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[5] In determining whether the line between possibility and

---

[1] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[2] *Id.*

[3] *Id.* at 570.

[4] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

[5] *Id.* (internal citation omitted).

plausibility has been crossed, the court must consider the context of the claim and draw on its "judicial experience and common sense."[6]

## ANALYSIS

In the present case, Plaintiff claims a right to relief under the ADEA. In order to recover under the ADEA, Plaintiff must show that "age was the 'but-for' cause of the employer's adverse action."[7] In support of his age discrimination claim, Plaintiff asserts, the following allegations: (1) that he was 51 years old at the time of his termination; (2) that at all times prior to his termination he was performing his job duties in a satisfactory or better manner; (3) he believes that his job duties following his termination were assumed by one or more younger employees; (4) a large number of employees over the age of 40 have been terminated following a change in Defendant's ownership in December 2007; (5) that Defendant discriminated against him in the terms and conditions of his employment by terminating his employment because of his age in violation of the ADEA; and (6) his age was a "motivating and determining factor in Defendant's decision to terminate his employment."

Defendant claims that Plaintiff's complaint is insufficient for two reasons. First, Defendant contends that discriminatory motivation cannot plausibly be inferred from the facts asserted. Specifically, Defendant argues that Plaintiff's complaint is deficient because it contains only conclusory statements, does not allege statements related to Plaintiff's termination reflecting age-based animus, does not indicate how Plaintiff was treated less favorably than others who were similarly situated, does not identify the younger employee or employees who

---

[6] *Id.* at 1950.

[7] *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343, 2351 (2009).

-3-

Plaintiff believes assumed his duties and what their ages were, does not provide a factual basis as to why Plaintiff purportedly believes that his age was a motivating or determining factor in his termination, and does not indicate who any of the large number of employees over 40 were or what the circumstances of their terminations were. Second, Defendant claims that Plaintiff's complaint fails to take account of the proper elements of Plaintiff's claim as set forth in *Gross v. FBL Financial Services*[8] (age must be the but-for cause, not merely a motivating factor for the employee's termination) and *Hinds v. Sprint/ United Management Co.*[9] (plaintiff must show that he was a member of a protected age group, was doing satisfactory work, was discharged despite his satisfactory work, and have some evidence that the employer intended to discriminate against him in reaching its termination decision in order to establish a *prima facie* case of age discrimination in a reduction-in-force setting[10]).

After carefully reviewing the complaint, the Court agrees with Defendant that it cannot survive a motion to dismiss. The complaint does not contain enough factual allegations to nudge Plaintiff's claim across the line from conceivable to plausible. Plaintiff's allegations 5 and 6 are legal conclusions devoid of further factual enhancement, and, as such, were not considered by the Court.[11] Consequently, Plaintiff is left with only allegations 1, 2, 3, and 4 to show that his claim is plausible. These allegations are not sufficient to plausibly suggest an entitlement to relief; they are simply too threadbare to give rise to a reasonable inference that age was the "but-

---

[8]129 S. Ct. 2343.

[9]523 F.2d 1187, 1195 (10th Cir. 2008).

[10]Based on Plaintiff's complaint, it is not clear whether this case involves a reduction-in-force.

[11]*See E.W. v. Wake County Bd. Of Educ.*, 2010 WL 1286218, at *2 (E.D.N.C. Mar. 30, 2010) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009)).

for" cause of Plaintiff's termination. While Plaintiff's complaint does not necessarily have to plead facts to the level of specificity suggested by Defendant, it must nevertheless contain more factual allegations than it currently does.

The four ADEA cases discussed by Plaintiff in his briefing do not mandate a contrary result. As noted by Defendant, each of these cases are readily distinguishable. In *D'Altitio v. Dover Township*[12], the plaintiff pled detailed facts in support of each *prima facie* element. In *Ray v. Amelia County Sheriff's Office*[13], the complaint contained factual allegations that indicated that the plaintiff's supervisor harbored age-based animus toward her. As for *Lorah v. Tetra Tech Inc.*[14] and *Howard v. Am. Inst. of Certified Pub. Accountants*[15], both of these cases were brought by *pro se* litigants, thus a less stringent standard applied to the pleadings.[16] As a result, Plaintiff's cases do not support the position that an ADEA complaint as factually bare as the one here should survive a motion to dismiss.

In addition to its factual shortcomings, Plaintiff's complaint is also deficient because it fails to state a claim of relief under the ADEA. In his complaint, Plaintiff only alleges that age was a motivating factor. As stated in *Gross*, though, age must be the "but-for" factor, not merely a motivating factor.[17] Therefore, because Plaintiff only alleges that age was a motivating factor, he has failed to state a claim under the ADEA.

---

[12] 2008 WL 3925833, at *1 & 9 (M.D. Penn. Aug. 21, 2008).

[13] 302 Fed. Appx. 209, 211-12 (4th Cir. 2008).

[14] 541 F. Supp. 2d 629 (D. Del. 2008).

[15] 2008 WL 5232794 (M.D.N.C. Dec. 12, 2008).

[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[17] 129 S. Ct. at 2351.

In sum, the Court finds that Plaintiff's complaint fails to state a plausible ADEA claim. Accordingly, the Court grants Defendant's motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is GRANTED. Plaintiff is granted leave to file an amended complaint within 21 days from the date of entry of this order. If Plaintiff does not file an amended complaint by that date, this action will be dismissed.

**IT IS SO ORDERED.**

Dated this 10th day of May, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE