# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES STENGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-2422-EFM-KGG |
| ) | |
| DEFFENBAUGH ) | |
| INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Second Motion to Dismiss (Doc. 22). Plaintiff has filed a response in opposition (Doc. 23) and Defendant has replied (Doc. 27). Having reviewed the submissions of the parties, as well as previous pleadings and orders in this case, the Court is prepared to rule on Defendant's motion.

## BACKGROUND

The factual and procedural background of this case has been summarized in the numerous dispositive pleadings in this case. (*See* Docs. 5, 6, 8, 17, 21, and 28.)

Rather than regurgitate those facts, the Court incorporates by reference the factual background included in the District Court's Order granting Defendant's initial Motion to Dismiss. (Doc. 17.)

In accordance with that Order, Plaintiff filed an Amended Complaint on May 27, 2010. (Doc. 18.) Soon thereafter, Defendant filed its Second Motion to Dismiss, arguing that Plaintiff's First Amended Complaint failed to allege sufficient facts to demonstrate a claim that was plausible on its face. (*See generally* Doc. 21.) In conjunction therewith, Defendant filed a Motion to Stay Discovery Pending Resolution of Defendant's Second Motion to Dismiss. (Doc. 22.) Plaintiff responds that a stay of discovery is improper because Defendant cannot prove it is "'likely' to prevail" on the Second Motion to Dismiss and that he "needs to use discovery in order to establish facts to defend the dispositive motion." (Doc. 23, at 3, 4.) Defendant replies that Plaintiff "should not be permitted to use the discovery process to try to develop facts to make a claim." (Doc. 27, at 2.)

## **DISCUSSION**

Judge Reid discussed the policy in this District for staying discovery in *Wolf v. United States*, acknowledging that the general policy is not to stay discovery

even though dispositive motions are pending. 157 F.R.D. 495, 496 (D. Kan. 1994). He also recognized, however, that there are exceptions to this general rule.

> [I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Id.; see also,* **Kutilek v. Gannon,** 132 F.R.D. 296, 297-98 (D. Kan. 1990).

The Court has reviewed the brief in support of Defendant's Second Motion to Dismiss (Doc. 21), but declines to predict the District Court's ruling. If the District Court grants the motion, however, that action will likely result in the conclusion of the case. In this case the District Court previously dismissed this action, but provided the plaintiff an opportunity to amend his Complaint. It is appropriate to allow the District Court an opportunity to decide whether the defects in plaintiff's original Complaint have been corrected before finding that the Amended Complaint is the key which may "unlock the doors of discovery," ***Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

Considering the arguments of the parties – as well as the nature of the issues contained in Defendant's dispositive motion – the Court determines it is

appropriate to stay any further discovery pending a ruling by the District Judge on Defendant's Second Motion to Dismiss.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Stay Discovery Pending Resolution of its Second Motion to Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, this 12th day of August, 2010.

                                                     s/KENNETH G. GALE
                                                   Kenneth G. Gale
                                                   U.S. Magistrate Judge