# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES STENGER,

      *Plaintiff*,

vs.

DEFFENBAUGH INDUSTRIES, INC.,

      *Defendant.*

Case No.09-2422-EFM

## MEMORANDUM AND ORDER

Plaintiff James Stenger has filed this action alleging that Defendant Deffenbaugh Industries, Inc. ("Deffenbaugh") terminated him because of his age, a violation of the Age Discrimination in Employment Act. In a previous Order (Doc. 17), the Court granted Defendant's motion to dismiss Plaintiff's action. The Court allowed Plaintiff, though, to file an amended complaint, which he has since done. Now before the Court is Defendant's Second Motion to Dismiss (Doc. 21), which asks not only for the Court to dismiss Plaintiff's complaint with prejudice, but also to award it costs and attorney fees. For the reasons stated below, the Court denies Defendant's motion in its entirety.

## BACKGROUND

Stenger began working for Deffenbaugh, a trash hauling company, in the mid-1990s. According to Stenger, during his tenure with Deffenbaugh, he performed his job duties, which included, handling customer complaints, entertaining company clients, dealing with the head of the commercial division, overseeing the roll-off department and the company's operations at the Kansas Speedway, American Royal, and Great American Barbeque, coordinating and maintaining

Deffenbaugh's relationship with municipal and private entities, in a satisfactory or better manner. In fact, just prior to his termination, Mark Rosenau, the president of Deffenbaugh, allegedly told Stenger that "You're doing fine, keep doing what you're doing, we need you."[1]

In December 2007, Deffenbaugh changed ownership. According to Plaintiff, the December 2007 sell marked a change in how the company treated its employees, as the new owner placed an emphasis on establishing a younger workforce. Plaintiff alleges that one way the new owner's focus on youth has manifested itself is that since December 2007, over 200 workers have been terminated, the majority of which are over forty years old. Of the employees that have been terminated that are under the age of forty, Plaintiff claims many of them have already been brought back or rehired. On April 28, 2008, at the age of fifty one, Stenger himself was terminated. According to Stenger, his job duties were assumed by one or more younger employees. In his complaint, Stenger specifically sets forth the name of six individuals who allegedly assumed some of his former duties, all of whom Stenger believes are considerably younger than him.

Shortly after his termination, Stenger spoke with his residential trash man, Tim, a Deffenbaugh employee. Stenger asked Tim what had happened to Gene, the trash man who had picked up Stenger's trash for years. Tim stated that Deffenbaugh did not bring back any of the "older guys, just the young guys."[2] Tim also stated that he had been one of the younger employees that Deffenbaugh fired only to rehire shortly thereafter.

Believing that he was terminated because of his age, Stenger brought the instant action against Deffenbaugh, alleging age discrimination in violation of the Age Discrimination in

---

[1]Doc. 18, p. 3.

[2]Doc. 18, p. 5.

Employment Act. Deffenbaugh now moves the Court to dismiss Stenger's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## STANDARD OF REVIEW

In order to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right of relief above the speculative level."[3] A pleading that merely offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."[4] While a complaint need not contain detailed factual allegations, it must plead "enough facts to state a claim to relief that is plausible on its face."[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' "[7] In determining whether the line between possibility and plausibility has been crossed, the Court and must consider the context of the claim and draw on its "judicial experience and common sense."[8]

---

[3]*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[4]*Id.*

[5]*Id.* at 570.

[6]*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

[7]*Id.* (internal citation omitted).

[8]*Id.* at 1950.

**ANALYSIS**

In the present case, Stenger claims a right to relief under the ADEA. In order to recover under the ADEA, Stenger must show that "age was the 'but-for' cause of the employer's adverse action."[9] In support of his age discrimination claim, Stenger asserts, among others, the following factual allegations: (1) that the new owner has placed an emphasis on establishing a younger workforce; (2) that over 200 employees have been terminated since December 2007, with a majority of these employees being over the age of forty; (3) that Deffenbaugh has brought back many of the employees it had fired who are under the age of forty; (4) that his residential trash man told him that Deffenbaugh had not brought back any of the older guys, just the young guys; (5) that shortly before he was terminated the president of the company told him that "You're doing fine, keep doing what you're doing, we need you;" (6) that at the time of his termination he was fifty-one years old; and (7) that following his termination his job duties were assumed by one or more employees who he believes to be considerably younger than him.

In its motion, relying on the Supreme Court's decision in *Ashcroft v. Iqbal*[10], Deffenbaugh argues that Stenger's amended complaint does not adequately allege an age discrimination claim. According to Deffenbaugh, it simply is not plausible that Stenger's termination was based on age. The Court disagrees. Based on the factual allegations contained in Stenger's complaint, the Court can reasonably infer that Stenger was terminated because of his age. Therefore, the Court denies Deffenbaugh's motion in its entirety.

---

[9]*Gross v. FBL Fin. Servs, Inc.*, 129 S. Ct. 2343, 2351 (2009).

[10]129 S. Ct. 1937.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss Plaintiff's amended complaint (Doc. 21) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE